Chief Justice Robertson
delivered the opinion of the court.
Judge Nicholas did not sit in this case.
This writ of error is prosecuted to-reverse a decree dismissing a bill in chancery, filed by Philemon Waters against William Brown for a specific execution of the following agreements in writing, “ First, a contract, dated January 26th, 1822, stipulating that three actions of ejectment then pending, for the benefit of Brown against persons who held under Waters as purchasers, should be dismissed at the costs of Waters, excepting the-cost of the last continuance — that Brown should hold all the land covered by his patent, courses and distances, except so much thereof as two of the defendants in the ejectments had purchased from- Waters, and that the land so purchased, ami also so much as should be included between lines run according to marked corners clamed by Brown1, and lines run according to the courses and distances of his patent should be equally divided between the contracting *124 parties. Second, a contract dated the same day — so awkward, loose and ambiguous in its phraseology as to be scarcely intelligible, and, at best, of very doubtful import and effect, but which, after careful examination, we are inclined to construe, as the parties themselves seemed to have interpreted it, to be, not a substitute, but merely a supplement to the first agreement — and meaning, that Brown agreed to exchange his interest, according to the first agreement, in the land held by the vendees of Waters for a designated tract, uto the East,” claimed by Waters — that the parties should convey to each other, by deeds with warrnty and personal security, and that he whose tract should be estimated as the more valuable, by persons to be selected as valuers, should pay to the other the difference in money.
Sper.i'fic execution of an agreement denied, the agreement and proofs not rendering "the rights of the parties elear and definite.
If complainant praying specific execution ot an agreement to exchange laud, fail to shew title to the land he contracted to convey,the court will not compel defendant to perform.
*124 The bill alleges that the two last mentioned tracts had been valued by persons selected by the parties — that the tract to be conveyed by Waters had been valued at $2 50cts. an acre more than that which Brown was to convey — that Waters had offered to execute the agreements on his part — but that Brown had refused.
Brown in his answer, admits the material allegations of the bill, and consents to a specific execution so far as may be consistent with equity, but denies that Waters has any title to the land which he agreed to convey in exchange and requires an exhibition of his title. Waters having died the suit was revived by his heirs.
We are inclined to think that the last agreement cannot be specifically enforced consistently with the established rules-of equity nor without great danger of injustice — 1st. Because the hills and answers;, exhibits and proofs leave this branch of the case in confusion and doubt respecting the precise understanding and rights of the parties.
2nd. Because, though called on to shew title., the plaintiffs failed to exhibit any document or proof' whatever of title to the land which their ancestor covenanted to convey, and there is not even any allegation that he-had any title. The nature of his claim, or whether or not he had any title, cannot he presumed to be within the knowledge of Brawn.
Complainant having performed his simulations, specific execution enforced against dofenl dant;
Decree. Specific execution in part, bill dismissed without preju dice to legal rights of the parties a8 to residue,
Cunningham and Me Henry, for appellants; Chapeze, -for appellee.
But we can perceive no reason for withholding a specific execution of the first agreement. ■ To that, Brown has not objected and seems to have no sufficient excuse for resisting such a decree. The suits had been dismissed, and Waters had paid the costs which he had covenanted to pay.
We are of opinion that so much of the bill as sought a specific execution of the last agreement should be dismissed without prejudice to anylegal right; but that a decree should be rendered for enforcing the first contract and quieting the conflicting claims thereby compromised: — Consequently the circuit court erred in dismissing the bill and refusing relief to any extent.
By rendering such a decree as we have suggested the parties would be left, as they should be, to their legal rights and remedies concerning the last agreement — which would not be, in any manner, affected by a specific enforcement of the first contract.
Whether Brown’s occupancy of the land which Waters covenanted to convey to him, should be deemed the possession of Waters since the date of the last agreement or of the valuation, or whether it should be considered since, as it was before that time, adverse to Waters, we are not permitted now to decide, and shall not therefore intimate.
Decree reversed and cause remanded with instructions to decree a specific execution of the first agreement of compromise — and to dismiss the bill without prejudice so far as it sought a specific execution of the last contract.